IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-0194-01 |
| | § | |
| KATHERINE WEST | § | (Civil Action No. H-09-3482) |
| | § | |

## MEMORANDUM AND ORDER

The defendant, Katherine West, has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Doc. # 58]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

### I.   BACKGROUND

In April of 2008, a grand jury in this district returned an indictment against West, charging multiple counts of health care fraud and conspiracy to defraud a health care benefit program (*i.e.*, Medicare and Medicaid). On August 21, 2008, West pleaded guilty to counts 11 and 14 of the indictment pursuant to a written plea agreement. On July 28, 2009, this Court sentenced West to serve 37 months in prison and ordered her to pay $2,347,913.99 in restitution. West did not pursue a direct appeal.

West now seeks relief from her conviction and sentence under 28 U.S.C. § 2255. West contends that her sentence is too long for a first-time offender, pointing to her age (52 years) and her lack of a criminal record (she has "never been in any trouble and [has] always

been a law abiding citizen"). West claims further that her sentence is excessive because her role in the offense was "minimal." In addition, West notes that the offenses outlined in the indictment occurred in 2003, but that she was not arrested until 2008. She claims, therefore, that her conviction is invalid because of this delay. Finally, West contends that her sentence is unduly harsh because she has performed "exceptional" works of public or community service for charitable purposes. For reasons discussed more fully below, however, the Court concludes that West's motion must be denied.

## II.   DISCUSSION

The motion must be denied because, pursuant to the written plea agreement in this case, West waived the right to appeal or to otherwise challenge her conviction and sentence collaterally under 28 U.S.C. § 2255. By signing that agreement, West expressly gave up "the right to contest her conviction or sentence by means of any post-conviction proceeding." [Doc. # 26, Plea Agreement, at ¶ 16]. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Although West objects to the validity of her sentence, she does not challenge the voluntariness of her plea or the legitimacy of the waiver. The Court has reviewed West's *pro se* pleadings and finds no allegation that the waiver was tainted by the ineffective assistance of counsel. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). West does not otherwise allege facts that cast doubt on the validity of the waiver of collateral review found in the written plea

agreement. The Court concludes, therefore, that West's claims are foreclosed by the written plea agreement.

### III.    CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of this criminal proceeding, the Court concludes that a certificate of appealability is not warranted under the governing standard found in § 2253(c)(1). Accordingly, a certificate of appealability will not issue.

## IV.     CONCLUSION AND ORDER

Because the defendant has waived collateral review pursuant to a presumptively valid plea agreement, her motion under 28 U.S.C. § 2255 must be denied. Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's § 2255 motion [Doc. # 58] is **DENIED** and the corresponding civil action (H-09-3482) is **DISMISSED** with prejudice.

2. The defendant's motions for leave to proceed *in forma pauperis* [Doc. # 59] and for appointment of counsel [Doc. # 60] are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and will file a copy in Civil Action No. H-09-3482.

SIGNED at Houston, Texas, on October 28th, 2009.

_____
Nancy F. Atlas
United States District Judge